## John F. Roach vs. John D. Anderson.

The policy of the statute of frauds was not only to prevent fraudulent and collusive dispositions of personal property, but also to protect the rights of parties purchasing in good faith such property from persons who had remained in possession of it, apparently as owners, for the period limited by the statute. Hence the provision, that no reservation or limitation of a use or property in such chattels, remaining in the possession of another for the period of three years, shall be allowed against a creditor or purchaser, unless such claim if it consists in writing, be proved and recorded, otherwise the absolute property is with the possession. Hutch. Code, 638. *Held*, that this statute does not apply to the case of a purchaser with notice.

If, therefore, R. purchased the slave from C., there being no record of the reserved interest of A., and without notice of the limitations in the deed, or of C.'s imperfect title, he is entitled to protection under the provisions of the statute. *Held*, that the court below erred in refusing to grant the instructions asked by R.

In error from the circuit court of Adams county; Hon. Stanhope Posey, judge.

This was an action of replevin instituted in the circuit court of Adams county in 1847, by John D. Anderson against John F. Roach, to recover a certain slave of the latter.

The jury found a verdict for Anderson, and Roach prayed a writ of error to this court. The facts upon which the decision was made in the court below, as well as the instructions refused, will be found in the opinion of the court.

*Boyd* and *Davis*, for appellant,

Contended that the ruling of the circuit court was erroneous, in refusing to give the instructions asked by Roach's counsel to the jury.

The statute in regard to the principles the instructions contain, is clear and pointed. It is difficult to find any reason to give why the court below should have refused the instructions. Hutch. Code, 637, 638.

No counsel for appellee.

Mr. Justice HANDY delivered the opinion of the court.

This was an action of replevin in the circuit court of Adams county, brought by the defendant in error to recover a slave from the plaintiff in error.

The facts of the case are, that in the year 1830, one Presley Anderson, of the State of Missouri, sold to one Duncan, of that State, the slave in controversy, to be a slave for fifteen years, and at the end of that time, to be set free; and in November, 1833, Duncan sold the slave to one Chamberlain, of this State, to be a slave for thirteen years from December 6, 1833, at the end of which time, the slave was to be free. Both of these transactions took place in Missouri, and both were evidenced by conveyances in writing, which were not recorded in Missouri nor in this State.

In September, 1847, Presley Anderson, by deed, conveyed all his right and title to the slave to John D. Anderson, the plaintiff below.

Upon the sale by Duncan to Chamberlain, the slave was delivered to Chamberlain, in Missouri, and was removed by him

to this State, and kept in his possession for more than three years; after which Chamberlain sold him to the plaintiff in error.

The verdict being for the plaintiff, the defendant moved for a new trial, because the court improperly refused to instruct the jury as asked by the defendant, and because the verdict was contrary to the evidence and the instructions given, which motion was overruled.

We will first consider the instructions asked by the defendant and refused, which are as follows: —

1. If the jury find from the evidence in the cause, that the instrument in writing from Presley Anderson to Carey K. Duncan, dated 6th December, 1830, containing a reservation or limitation of the negro Nat, after the expiration of fifteen or sixteen years, and the instrument in writing from Duncan to Chamberlain, dated November 9, 1833, and containing a similar reservation or limitation, were not recorded in the county of Adams within three years after the removal of said Nat to that county, such instruments are invalid against the defendant Roach, if a purchaser, unless it be shown that said Roach knew of such reservation or limitation.

2. Possession of personal property, such as a negro slave, is *primâ facie* evidence of title in the possessor, and such title is presumed to be *bonâ fide* in the absence of proof to the contrary.

In regard to the first of these instructions, it appears by the evidence, that the conveyances had been recorded neither in this State nor in the State of Missouri, and that possession of the slave had remained with Chamberlain for more than three years in this State. Such a case is clearly embraced by the statute of frauds.

The policy of that statute was not only to prevent fraudulent and collusive dispositions of personal property, but also to protect the rights of parties purchasing in good faith such property from persons who had remained in possession of it, apparently as owners, for the period limited by the statute. Hence the provision that no reservation or limitation of a use or property in such chattels remaining in the possession of

another for the period of three years, shall be allowed against a creditor or purchaser, unless such claim, if it consist in writing, be proved and recorded; otherwise that the absolute property is with the possession. Hutch. Dig. 638. And the principle upon which the statute is founded is, that secret claims shall not be sustained against purchasers without notice of property, which from its nature must be presumed to belong to the person in possession of it. Consequently, the statute is held not to apply to the case of a purchaser with notice.

If, therefore, the plaintiff in error purchased the slave from Chamberlain, there being no record of the reserved interest of Presley Anderson, and without notice of the limitations in the deeds, or of Chamberlain's imperfect title, he is entitled to pro- tection under the provisions of this statute, and the court below should have granted this instruction.

The second instruction, also, is correct, as a general rule, and should have been granted. Taken in connection with the in- struction above considered, it stated a proper rule to the jury, which appears to be justified by the state of facts appearing in evidence.

The judgment is reversed, and the cause remanded.